677 F.2d 1136
 29 Fair Empl.Prac.Cas. 403,
29 Empl. Prac. Dec. P 32,719
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,
Norma Jean Lester, Plaintiff-Intervenor-Appellant,
v.
HIGH TOP COAL COMPANY, INC. and Koppers Company, Inc.,
Defendants-Appellees.
 No. 81-5071.
 United States Court of Appeals,
Sixth Circuit.
 Argued April 14, 1982.
Decided May 19, 1982.
 
 Dorothy B. Stulberg, Mostoller & Stulberg, Oak Ridge, Tenn., for plaintiff-intervenor-appellant.
 D. Tate Rich, High Top Coal Co., Inc., Nashville, Tenn., Anne Greer (High Top), Courtney N. Pearre, Lewis R. Hagood (Koppers), Knoxville, Tenn., for defendants-appellees.
 Before EDWARDS, Chief Circuit Judge, KENNEDY, Circuit Judge, and PHILLIPS, Senior Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Norma Jean Lester filed a complaint with the Equal Employment Opportunity Commission. EEOC then filed suit against the High Top Coal Company under Title VII, Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Lester, as the injured party, filed a Motion to Intervene. And the EEOC complaint was amended adding Koppers Company as party defendant (as "successor employer").
 
 
 2
 The case was heard by District Judge Robert L. Taylor on December 18, 1980. In a memorandum filed December 24, 1980, the District Court found no sex discrimination. The District Court, 508 F.Supp. 553 (D.C.Tenn.), held that plaintiffs failed to state a claim under the disparate impact theory; that they failed to carry their burden of proof by a preponderance of the evidence that High Top was engaged in a pattern or practice of discrimination; that plaintiff Lester failed to show that at the time she applied for a position High Top was seeking applicants; and finally that plaintiffs failed to make out a prima facie case of liability under any theory of recovery under Title VII. The court did not reach the issue as to whether Koppers was a successor employer.
 
 
 3
 An order dismissing the case was entered on December 24, 1980 and plaintiff's motion for reconsideration was overruled on January 19, 1981. In this order the judge specifically found that "the foremen at the High Top mines hired their own workers on an 'as needed' basis without seeking applications from the general community."
 
 
 4
 Plaintiff EEOC, Plaintiff-Intervenor Lester and High Top Coal Company all entered notices of appeal. On May 14, 1981 a joint motion to dismiss appeals was mailed to the Court of Appeals by EEOC and High Top. The appeal on behalf of Lester continues.
 
 
 5
 It appears to this court that plaintiff failed to prove that High Top Coal's failure to offer her employment as a scale house operator and subsequent employment of a man for the job which subsequently became available was based on discrimination on the grounds of sex.
 
 
 6
 While we recognize that only one woman miner out of 276 was employed by High Top Coal, the District Court's finding that plaintiff Lester was not denied employment either as a result of a pattern or practice of discrimination or as a result of a discriminatory motive is not clearly erroneous.
 
 
 7
 We note that the EEOC, after filing this suit, dismissed the appeal before it came to hearing before this Court. The District Judge held that plaintiff "failed to make out a prima facie case of liability under any theory of recovery under Title VII."
 
 
 8
 For the reasons stated above and those further set forth in the findings of fact and conclusions of District Judge Robert L. Taylor, the judgment of the District Court is affirmed.